United States District Court
Southern District of Texas
**ENTERED**
September 03, 2025
Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| JUSTIN JAYDE H.,[1] | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | No. 4:24-cv-4499 |
| FRANK BISIGNANO, | § | |
| Acting Commissioner of Social | § | |
| Security, | § | |
| *Defendant.* | § | |

## MEMORANDUM AND ORDER[2]

Plaintiff seeks to recover attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). Pl.'s Mot., ECF No. 18. Because the Court granted Defendant's unopposed motion to remand, ECF No. 15, and remanded this case to the Commissioner for reconsideration, Memorandum & Order, ECF No. 16; Final Judgment, ECF No. 17, Plaintiff is the prevailing party. The Court finds that Plaintiff's counsel's request for fees is reasonable, and Defendant does not oppose the request. ECF No. 18. Therefore, Plaintiff's motion is granted as follows.

## I.    LEGAL STANDARD FOR THE EAJA

The EAJA permits the recovery of attorney's fees in proceedings for judicial

---

[1] The Court uses only Plaintiff's first name and last initial. *See* "Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions," Committee on Court Administration and Case Management of the Judicial Conference of the United States (May 1, 2018).

[2] Based on the parties' consent, the case was transferred to this Court to conduct all proceedings pursuant to 28 U.S.C. § 636(c). Order Transferring, ECF No. 9.

review of an agency's action. 28 U.S.C. § 2412(d)(1)(A). The purpose is to "ensure adequate representation of those who need it and to minimize the costs of this representation to taxpayers." *Day v. Comm'r Soc. Sec. Admin.*, No. 6:16-CV-00210, 2017 WL 4417682, at *1 (E.D. Tex. Oct. 31, 2017); *see Murkeldove v. Astrue*, 635 F.3d 784, 793 (5th Cir. 2011) (purpose is to eliminate the financial disincentive for an average person to challenge unreasonable government actions). In a civil action brought against the United States, the claimant is entitled to attorney's fees under the EAJA when the following elements are met: (1) the claimant is the prevailing party, (2) the claimant timely files a fee application, (3) the Court finds the position of the Government was not substantially justified, and (4) no special circumstances make the award unjust. *Reese v. Saul*, No. 4:19-CV-27872, 2021 WL 2188686, at *1 (S.D. Tex. Apr. 1, 2021) (citing 28 U.S.C. § 2412(d)(1)(A)-(B)).

Plaintiff filed a motion for summary judgment, seeking an order remanding the case for an award of benefits or further consideration, arguing the ALJ failed to fully develop the record, improperly relied on his lay interpretation of the medical evidence, and failed to reconcile the apparent conflict between the jobs the vocational expert proposed and reaching requirements listed in the Selected Characteristics of Occupations ("SCO"). Pl.'s MSJ, ECF No. 12. Defendant did not address Plaintiff's arguments but instead requested the Court reverse and remand the case to the Commissioner. Def.'s Mot., ECF No. 15. Plaintiff did not oppose

Defendant's motion. ECF No. 15. The Court granted Defendant's motion to reverse and remand. The claimant is a prevailing party when the district court remands a social security action under sentence four of 42 U.S.C. § 405(g).[3] *Shalala v. Shaefer*, 509 U.S. 292, 299-301 (1993); *Mathews v. Berryhill*, No. 4:18-CV-04795, 2020 WL 242487, at *1 (S.D. Tex. Jan. 16, 2020). Thus, Plaintiff is the prevailing party, he timely[4] filed his motion for attorney's fees, and the government's position was not substantially justified. No special circumstances make the award of fees unjust.

## II.    ANALYSIS

Plaintiff's counsel seeks a fee award of $6841.61 in attorney fees and $775 in paralegal fees, for a total award of $7,616.61. She submitted evidence supporting an hourly rate of $125 for 6.2 hours of paralegal hours worked in 2024 and 2025; $605.58 for 2.5 attorney hours worked in 2024; and $6,236.03 for 25.5 attorney

---

[3] "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." 42 U.S.C. § 405(g).

[4] After the district court renders judgment, a party has 30 days from the time that the judgment becomes final to seek an EAJA award. The district court's judgment becomes final when it can no longer be appealed. 28 U.S.C. § 2412(d)(2)(G). In suits in which a federal officer is a party, the time for appeal does not end until 60 days after the entry of a Rule 58 judgment. *Freeman v. Shalala*, 2 F.3d 552, 554 (5th Cir. 1993). Thus, a party has 30 days after this 60-day time period to seek an EAJA award of fees. In this case, the Court issued a judgment on June 9, 2025, ECF No. 17, which became final on August 8, 2025. Plaintiff has thirty days from August 8, 2025, to file his motion for attorney's fees. Plaintiff filed his motion on September 2, 2025, well within the thirty-day window. ECF No. 18.

hours worked in 2025. ECF No. 19 at 2. Defendant does not object to the hours expended or the rate requested. ECF No. 19-7.

Nonetheless, the Court must determine whether the fee is reasonable, requiring an examination of the hours worked and the rate sought. *Matthews*, 2020 WL 242487, at *2 (citing *Chargois v. Barnhart*, 454 F. Supp.2d 631, 634 (E.D. Tex. 2006)). Typically, in Social Security cases, fee applications range from twenty to forty hours. *Id*.[5] Plaintiff's counsel claims 28.0 hours of attorney time and 6.2 hours of paralegal time, which is around the typical range of hours for this type of case.

Counsel's hourly rate is higher than the statutory rate of $125,[6] requiring a finding that the increase in the cost of living or a special factor justifies a higher fee. *See* 28 U.S.C. § 2412(d)(2)(A)(ii). The court has wide discretion in calculating any increase in the hourly rate. *Matthews*, 2020 WL 242487, at *2. Courts routinely use cost-of-living adjustment based on the Consumer Price Index ("CPI") report compiled by the United States Bureau of Labor Statistics. *E.g., Day*, 2017 WL 4922048, at *2; *Chargois*, 454 F.Supp.2d at 634 (collecting cases). Based on the

---

[5] Courts award attorney's fees pursuant to the EAJA only for those hours incurred in the civil action, not the administrative proceedings. The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action, brought by or against the United States in any court having jurisdiction of that action." 28 U.S.C. § 2412(d)(1)(A).

[6] The EAJA dictates that attorney's fees not to be awarded in excess of $125 per hour, unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. *See* 28 U.S.C. § 2412(d)(2)(A)(ii).

region where services were performed, the court will use the average annual CPI for the year the last time the rate changed as a base rate and then compare it to the average annual CPI for when the attorney provided the legal services. *Chargois*, 454 F.Supp.2d at 634; *accord Perales*, 950 F.2d at 1079 (instructing the court on remand to "segregate the attorneys' hours by year and apply the appropriate cost-of-living adjustment on an annual basis"). If the CPI increased from the time the hourly rate changed to the time the services were performed, "the court calculates the percentage difference and approves an excess hourly fee corresponding to the calculated percentage increase." *Chargois*, 454 F.Supp.2d at 634.

Here, Plaintiff's counsel is claiming fees for work performed in 2024 and 2025. The hourly rate last changed in 1996; at that time, the CPI for Houston-The Woodlands-Sugar Land, TX and was 142.7.[7] The Court calculates the hourly rates for 2024 and 2025 as follows:[8]

- For 2024, the CPI for Houston-The Woodlands-Sugar Land, Texas is 274.201. The percentage difference between 1996 and 2024 is 192.15% (274.201/142.7). Therefore, the hourly rate for 2024 is $240.19/hour (192.15% x $125/hour).

- For 2025, there is no annual data available. Consequently, the Court

---

[7] Plaintiff's counsel allegedly used a CPI for "South—Houston—All Urban Consumers" in her calculations, which led to the calculation of slightly different hourly rates. ECF No. 19-1 at 4. The Court instead uses the more geographically precise CPI for the Houston area noted above.

[8] The Court obtained CPI numbers used to calculate Plaintiff's attorney's fees from this chart. *See* Consumer Price Index, All Urban Consumers (CPI-U), Houston-The Woodlands-Sugar Land, Tx, https://data.bls.gov/timeseries/CUURS37BSA0?amp%253bdata_tool=XGtable&output_view=data&include_graphs=true (last visited September 2, 2025).

will use the CPI for Houston-The Woodlands-Sugar Land, Texas for the first half of 2025, which is 276.825. The percentage difference between 1996 and 2025 is 193.99% (276.825/142.7). Therefore, the hourly rate for 2025 is $242.49/hour (193.99% x $125/hour).

Using these calculated hourly rates, the Court determines the appropriate fee for Plaintiff's counsel based on the hours worked. In 2024, Plaintiff's attorney worked 2.5 hours; and at $240.19 per hour, the fee is $600.48. In 2025, Plaintiff's attorney worked 25.5 hours; and at $242.49 per hour, the fee is $6,183.50. The sum of the 2024 and 2025 fees is $6,783.98.

Plaintiff came to a slightly higher calculation: $6,841.61. ECF No. 19. To promote uniformity in the division, the Court uses the rates as calculated. *Mesecher*, 2017 WL 4417682, at *2 ("Use of such data promotes fee rates that are uniform within a particular district court division." (internal citations omitted)). The Court finds that a fee of $6,783.98 is reasonable for 28.0 hours worked. *Accord Palo R.*, 2024 WL 1181492, at *3 (approving $8,158.59 in fees for 32.05 hours in attorney time); *Burkhart v. Saul*, No. 2:20-CV-155, 2021 WL 5154786, at *3 (S.D. Tex. Aug. 2, 2021) (approving $8,456.32 in fees for 42.2 hours in attorney time and other fees).

The EAJA also allows for recovery of paralegal fees at prevailing market rates. *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 581 (2008). Plaintiff seeks to recover 6.2 hours of paralegal work at a rate of $125 per hour, for a total of $775.00. ECF No. 19. Courts in this Circuit approve similar amounts of paralegal work, but at a rate of $100 per hour in the context of the EAJA. *See, e.g.*, *Matthews*, 2020 WL

242487, at *3 ($100 per hour for 8 hours worked); *McCullough v. Saul*, No. 18-CV-128, 2019 WL 2774336, at *2 (W.D. Tex. July 2, 2019) ($100 per hour for 7.5 hours worked); *Brian K. L.*, 2022 WL 2704851, at *3 ($100 per hour for 5.9 hours worked). Accordingly, the Court finds an award of $620 in paralegal fees to be reasonable, for a total of $7,461.61.

## III.    CONCLUSION

The Court **ORDERS** that Plaintiff's motion for attorney's fees, ECF No. 18, is **GRANTED**; and Defendant is **ORDERED** to pay $7,461.61 in fees pursuant to the Equal Access to Justice Act, with the check made payable to Plaintiff,[9] and mailed to: Melissa Palmer, Olinsky Law Group, 250 S. Clinton St., Ste. 210, Syracuse, N.Y. 13202.

**SIGNED** at Houston, Texas, on September 2, 2025.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**

---

[9] Plaintiff also filed an Affirmation and Waiver of Direct Payment of EAJA Fees, ostensibly to have any award made directly payable to Plaintiff's counsel, Melissa A. Palmer. ECF No. 19-5. "However, the Supreme Court has clarified that EAJA awards are payable to the *litigant* rather than their attorney." *Martha V. v. Kijakazi*, No. 4:21-CV-3267, 2023 WL 5186869, at *4 (S.D. Tex. Aug. 10, 2023) (citations omitted); *see Astrue v. Ratliff*, 560 U.S. 586, 593 (2010). Therefore, the award itself must be paid to the Plaintiff.